326 So.2d 209 (1976)
DONALDSON ENGINEERING, INC., Appellant,
v.
CITY OF PLANTATION, a Municipal Corporation, Appellee.
No. 75-185.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
James W. Geiger, of Devitt, Geiger, O'Neal & Booth, Fort Lauderdale, for appellant.
Mark S. Schecter, of Kirsch & Mills, Fort Lauderdale, for appellee.
OWEN, Judge.
The issue here is whether the trial court, upon post-judgment petition for enforcement of the judgment, erred in modifying the judgment.
Appellant, a land developer, brought suit against the City of Plantation to recover certain money which the City had required appellant to contribute to the City's bridge fund. In a final judgment entered November 17, 1972, the trial court found that certain of the required contributions were illegal and ordered their refund, but the court also found that certain other contributions, amounting to $7,630.09, were the subject of a valid contract between the parties to be applied to the construction of a specific bridge, the Sixteenth Street bridge. The court further found "that an implied in fact condition of the agreement was that the bridge would be built within a reasonable time" and "that under the circumstances a period of two years from the date of this judgment [is] a reasonable period of time." The court thereupon ordered, with respect to the $7,630.09, that
"The Defendant CITY OF PLANTATION be and it is hereby authorized to *210 retain the sum of Seven Thousand Six Hundred Thirty Dollars and Nine Cents ($7,630.09) towards the construction of the aforesaid Sixteenth Street bridge. Upon failure of the Defendant CITY OF PLANTATION to commence construction of the said bridge within two years from date of this judgment, then, in that event, the Plaintiff may apply to this Court for return of said sum. This Court specifically retains jurisdiction with respect to the said sum retained in the City of Plantation Bridge Fund." (e.s.)
After two years had transpired, appellant filed its motion for the return of the $7,630.09, alleging that the City had not commenced construction of the bridge. At hearing on the motion, the parties stipulated that the actual physical construction of the bridge had not commenced. However, the City was permitted to present testimony to explain why construction had not commenced. Upon the basis of the evidence submitted, the trial court, concluding that in entering its final judgment of November 17, 1972, it had "underestimated the time" for commencing construction on the bridge and that the City had "proceeded diligently", ordered that the two-year period provided for in the final judgment be extended so long as the City of Plantation continued to proceed diligently with obtaining the necessary permits and thereafter with constructing the bridge, failing which, appellant could reapply for the return of its $7,630.09. It is from this order that the appeal has been taken.
A final judgment is one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment. Gore v. Hansen, 59 So.2d 538, 40 A.L.R.2d 1281 (Fla. 1952); Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175 (1943). The judgment of November 17, 1972 was clearly a final judgment within these terms and, as such, its legal and factual findings were conclusively binding upon the parties and not subject to relitigation under the doctrine of res judicata. Delcher Bros. Storage Co. v. Carter, 132 So.2d 593 (Fla. 1961); Kent v. Sutker, 40 So.2d 145 (Fla. 1949). Among the conclusive factual findings made in the November 17, 1972 judgment was the finding that a period of two years from the date of the judgment was a reasonable time within which to commence (not necessarily complete) the physical building of the bridge and implicit therein was the further finding that the City's failure to commence construction within such a time would be a breach of the agreement entitling appellant to the return of the $7,630.09.
If the City had felt that such factual finding was erroneous, it should have sought a rehearing or sought a reversal upon appeal. The City did neither, apparently content to be bound by the judgment. When that judgment achieved ultimate finality, it could only be amended, modified or vacated by proper independent action or by an appropriate proceeding as provided in Rule 1.540 RCP. Appellee has not sought such relief, but had it done so timely it would not have been entitled to have the final judgment modified or amended as was done in this case. If the trial judge, in entering the original final judgment, "underestimated the time required for commencing construction on the bridge", such was a judicial decision, which, if erroneous, was a judicial error or mistake in judgment, and as such is not the type of mistake or inadvertence reachable under Rule 1.540(b) RCP.
The language of the final judgment (which provides that upon failure of the City to commence construction of the bridge within two years from the date of this judgment, "then, in that event, the Plaintiff may apply to this Court for a return of said sum,") may appear at first blush to be permissive only; however, we think that, in the context of the final judgment and its obvious finality, appellant's *211 right to "apply to [the] Court for return of said sum" meant that appellant was absolutely entitled to said refund, not merely that it had the right to have the issue of its entitlement made the subject of further inquiry. Otherwise, the judgment would lack finality leaving unsettled, just as did the postjudgment order, the question of when, if ever, appellant would be entitled to a refund of the $7,630.09.
The order appealed is reversed and this cause remanded with directions to enter an order consistent with the views herein expressed.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.