LETTS, Judge.
In this case the final judgment required the husband to pay an estimated $420 per month (figured by percentage of income) in child support which sum amounts to 33% of his present net income. We affirm, although we find this award to be generous for one child. However, in view of the fact that the husband has not been ordered to make any other cash contributions to his wife or family, we cannot say that the trier of the fact abused his discretion in this regard.
Notwithstanding, we modify the final judgment in one respect and direct a breakdown of the $420 by a different method. The trial court after setting forth the $420 child support, then also said:
11. That the child support referred to in Paragraph 10 above shall consist in part of xh of the monthly mortgage payment which shall be credited to the Respondent, DAVID C. BRAG-DON as his contribution towards maintaining the residence for the minor child.
We think this quoted paragraph # 11 was inequitable and that the husband should have simply been directed to pay one-half of the mortgage payments on the house (in which he is a tenant in common) without labeling it child support. To offset this realignment, the contemplated $420 provided for in paragraph 10 of the final judgment is hereby reduced by the amount of the husband’s payment toward the mortgage.
It is not equitable to label all of this mortgage payment “child support,” because the contribution also helps provide a roof over the wife’s head and the end result must in part be a contribution towards her support.
All other points on appeal or cross-appeal are found to be without merit.
AFFIRMED AS MODIFIED.
DOWNEY, C. J., and MOORE, J., concur.