DAUKSCH, Chief Judge.
This is an appeal in a dissolution case from an order granting a “Motion for Review.”
This cause was first before the circuit court for a dissolution of the marriage between the parties and judgment was entered on April 19, 1977. An appeal from that judgment was taken and certain modifications to the judgment were mandated by the appellate court. The modification concerned the designation of payments from Mr. Bragdon to Mrs. Bragdon. Bragdon v. Bragdon, 363 So.2d 855 (Fla. 4th DCA 1978). The mandate in that appellate case was issued November 29, 1978, and on January 2,1979, the circuit court entered its “Amended Final Judgment Consonant with Mandate of Fourth District Court of Appeal.” This judgment amended the first final judgment entered April 19, 1977, and was entered to reflect the requirements of the appellate court and contained some minor changes in accordance with a stipulation between the parties.
*74 On May 23, 1979, Mr. Bragdon filed a “Motion for Review” which specifically requested the trial court to reconsider its first judgment, as modified by the court of appeal, in accordance with a provision in that first judgment which provides “That during October, 1977, the Court shall review the circumstances of the parties at that time to determine whether the child support shall continue or whether the amount of the child support shall change at that time.” Mr. Bragdon said in his “Motion to Review” that he was prevented from filing it in October, 1977, because the case was on appeal and that, implicitly, he should be allowed to have the review now that the case was back from the court of appeal, even though October, 1977 had past. He also alleged “That said child support as set forth in the Final Judgment of April 19, 1977, is in excess of the needs of the minor child of the parties and does not take into consideration the Petitioner’s present ability and obligation to provide support.”
We shall consider this “Motion for Review” from two views. First that it is a vehicle by which the movant requests the court to reconsider its first judgment. Second, that it is a petition for modification of the first judgment. In considering the matter we remember the first judgment was appealed, modified and amended; and in none of these later proceedings was the “review” provision in the first judgment mentioned again.
First, the review provision is considered. This part of the final judgment is implicit and inherent in every judgment for dissolution of marriage which provides support from one party to another. Its inclusion in the judgment is rather redundant to the inherent authority of the court to modify support judgments but we take note of it because apparently the parties and the court, according to the briefs and record, felt this provision was primarily for the purpose of merely reconsidering its prior award and not solely for a modification due to changed circumstances. If this provision was for reconsideration, rather than modification, it is not an authorized order of the court and should not be enforced. Trial courts cannot act as their own appellate courts and review their decisions months after they are made. Nor should the parties be forced to set their life styles in accordance with court ordered support provisions and be faced with the constant insecurity as to how much they are going to pay and receive for support. The decision to change the support amounts was not made on changed circumstances but upon the judge’s (or judges’) change of mind as to what is best.
The only time a change in a court’s order for support payments is warranted or authorized is if the payor’s ability increases or decreases and/or the payee’s needs increase or decrease. Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980); Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). Thus it is not proper for a court to set an amount of child support in a final judgment and then later change that amount without requisite proof of change of need and ability.
As to the second view we make of the “order providing for modification of final judgment,” we are impressed not only by the lack of evidence to support the order but also by appellee’s urging the order was “not based on changed circumstances, but rather the express provisions of [the judgment] . . . [which] contemplated a review approximately six months after the dissolution when the ‘dust settled’ and the financial realities of the parties became apparent.” Thus the modification was not authorized because, as both parties have agreed, the matter was not before the court for modification, but for “review.” Even if it was an authorized petition for modification, the evidence was contrary to the order, not to mention the insufficiency of the petition itself. All the evidence showed the husband’s ability to pay had increased along with the mother’s and children’s needs having increased, too.
We note parenthetically that the order on appeal was not entered by the same judge who heard the matter at final hearing and rendered the first judgment so that the *75 review was not actually a reconsideration of the matter by the initial judge but was a review of one circuit judge’s order by another circuit judge. This also is not a recognized procedure when no substantial petition for modification is filed; therefore the motion to strike filed by Mrs. Bragdon should have been granted.
Lastly, the parties have told us, and the record supports their statements that the change in child support payments was predicated solely upon adherence to a formula devised by the trial judge to set support payments for all parties in cases heard by him. The use of a formula is appropriate to set general guidelines so that consistency and uniformity in amounts of support payments can be achieved. However, many variables exist in children’s needs, and parents’ needs and abilities to pay. A formula should not be blindly followed or strictly adhered to in any case, and it clearly provides no basis upon which to find a “change of circumstances” has occurred in a modification case.
Also on appeal is the denial by the trial court of an award of attorney’s fees for Mrs. Bragdon. Mr. Bragdon in his brief says it was proper for the judge to have denied the fees because
It was well known to Appellant and Ap-pellee and their counsel that the trial judge would apply the ‘formula’ referred to ... . Therefore, all of the services for which Appellant’s attorney requests payment could have been eliminated and the attendant costs reduced, had Appellant agreed to a judgment (sic) in accordance with the court’s established formula.
He then goes on to say her attorney’s services “were of little or no value.” We disagree as to the value of the attorney’s services and since we do not know the court’s reason for the denial of the fee award, we remand that matter to the trial court to reconsider the request for attorney’s fees in accordance with established legal criteria.
The order of modification is reversed and this cause remanded for the redetermination of the award of attorney’s fees for Mrs. Bragdon.
REVERSED AND REMANDED.
ORFINGER and SHARP, JJ., concur.