PER CURIAM.
Appellant/husband, Zaheer Khan, appeals from the trial court’s denial of his motion to vacate an order, dated January 25, 2010, entitled Final Judgment of Uncontested Dissolution of Marriage with Minor Children (hereafter the “2010 judgment”). The motion at issue in this case was filed pursuant to Florida Rule of Civil *1079 Procedure 1.540(b) and requested relief from the 2010 judgment due to mistake, inadvertence and/or excusable neglect by the husband. After an evidentiary hearing, the trial court entered an order on February 16, 2012, denying the motion to vacate. In the order, the trial court restated some of the testimony of the witnesses but then found that the 2010 judgment was not a “final judgment” because the petition for dissolution of marriage initially filed by appellee/wife, Shazia Zaheer Khan, in August 2008 had been dismissed by the court and all the rights between the parties had not been adjudicated. The trial court did not address the merits of the husband’s motion to vacate.
At the final hearing on the wife’s petition for dissolution of marriage, the wife withdrew her request for dissolution but proceeded on her claim for alimony and child support unconnected with dissolution pursuant to section 61.09, Florida Statutes (2010). The wife also requested assistance from the court in preventing the husband from selling marital property which would be subject to equitable distribution. In the 2010 judgment, the trial court dismissed the petition for dissolution and awarded the wife alimony and child support. Additionally, the trial court ordered that the husband execute a quitclaim deed for marital real property in his individual name to both parties as tenants by the entireties.
A final judgment is “one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment.” Donaldson Engineering, Inc. v. City of Plantation, 326 So.2d 209, 210 (Fla. 4th DCA 1976). The judgment entered by the trial court in 2010 dismissed the dissolution petition and ordered the payment of alimony and child support unconnected with dissolution pursuant to section 61.09. As such, the judgment disposed of the wife’s cause for support and alimony and retained jurisdiction to enforce the judgment. Although the judgment for support and alimony is subject to modification, the judgment is final and subject to a motion to vacate pursuant to rule 1.540(b).[1]
The trial court erred in finding that the 2010 judgment was not a final judgment. We reverse the denial of the husband’s motion to vacate and remand for the trial court to address the merits of the husband’s motion to vacate.

Reversed and remanded for further proceedings.

GROSS, FORST, JJ., and ROSENBERG, ROBIN, Associate Judge, concur.

. Since the entry of the judgment, the wife has filed a new petition for dissolution under a new case number.