IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EARL RAYMOND CAMPOS,

     Appellant,

v.

JOANA CAMPOS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5857

Opinion filed October 24, 2017.

An appeal from an order of the Circuit Court for Leon County.
Charles A. Francis, Judge.

Emilian "Ian" Bucataru, Bucataru Law Firm, PLLC, Tallahassee, for Appellant.

James C. Banks, Banks and Sweeting, P.A., Tallahassee, for Appellee.

KELSEY, J.

Although the parties' dissolution of marriage became final in 2005, they have continued to litigate timesharing and related issues since then in a manner that one of many circuit judges serially assigned to the case aptly described as "disastrous." At the center of the fray are former husband's ongoing attempts to earn reunification

with the parties' two children, who were preschoolers when this started. The order on appeal denies the former husband's motion under Florida Rule of Civil Procedure 1.540(b)(4)[1] to vacate all orders and "proceedings" in this case from 2015 forward. For the reasons that follow, we reject the former husband's arguments, and dismiss this appeal for lack of jurisdiction, without prejudice to new proceedings on remand.

**Parenting Motions and Orders**

The litigiousness and duration of this case become a feature because so many judges have presided over it through the years. The record reflects several cycles of orders limiting or eliminating the former husband's parenting time, followed by motions for modification or reunification, all of which were denied. Relevant to this appeal, the former husband moved for reunification again in 2014. During the 2015 evidentiary hearing, when a certain pediatrician's name came up, the trial judge reminded the parties on the record that he had disclosed earlier—in a 2009 hearing when that judge was briefly assigned to the case—that the pediatrician also saw one of the judge's children. The former wife's counsel acknowledged the previous disclosure and stated there was no objection. Former husband did not object, either. The trial court denied that motion without prejudice, and the former husband did not

---

[1] Rule 1.540 provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: . . . (4) that the judgment or decree is void . . . ."

appeal (although it was an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b (allowing appeals in family law matters from non-final orders that determine "the rights or obligations of a party regarding child custody or time-sharing under a parenting plan")).

The predecessor judge entered a separate order on child support and attorney's fees, which recited that it was memorializing the parties' stipulation. The former husband initially challenged that order, but upon being reminded through a motion for sanctions that he had stipulated to it, withdrew his challenge.

In 2016, before a successor judge, the former husband again moved for reunification, or for reconsideration of previously imposed parenting restrictions. The parties engaged in motion practice and discovery on that new motion. The former husband did not object when the former wife filed transcripts of evidentiary hearings held before the predecessor judge in 2015. The successor judge held a new evidentiary hearing on the 2016 motion, and entered an order on July 20, 2016, denying the former husband's motion for reunification—again without prejudice. Again, the former husband did not appeal the order denying reunification, although he had appellate counsel and it was an appealable order under Rule 9.130(a)(3)(C)(iii)b.

Three weeks after the appeal deadline expired on that order, the former husband filed a motion to vacate under Rule 1.540(b)(4) (despite seeking to retain some

favorable aspects of the predecessor judge's rulings). This motion noted that the predecessor judge sitting on the case in 2015 had done more in 2009 than merely disclose the involvement of his own child's pediatrician: he had entered an order recusing himself from the case.[2] Thus, the former husband argued, the predecessor judge's 2015 orders were void, as was all record activity from that point forward including the 2016 orders.

We reject the former husband's argument that these circumstances created jurisdiction for this appeal. We also write to reject the former husband's argument that because the predecessor judge had recused himself in 2009, we should rewrite history by striking from the record everything that occurred after the predecessor judge was reassigned to the case in 2015, including evidentiary hearings and their sworn testimony, the successor judge's July 20, 2016 order denying reunification without prejudice, and the December 22, 2016 order denying the motion to vacate.

## Appellate Jurisdiction

It is true that orders entered by a recused judge are void. *Davis v. State*, 849 So. 2d 1137, 1138 (Fla. 1st DCA 2003). But that is not the issue. The issue is whether the order denying the former husband's motion to vacate is appealable, and thus whether we have jurisdiction.

---

[2] It would seem prudent for clerks of court to document recusals conspicuously within court files to protect against inadvertent reassignments to recused judges.

The former husband relies on the timesharing provision of the non-final appeal rule, Rule 9.130(a)(3)(C)(iii)b, to challenge the part of the December 22, 2016 order on appeal reaffirming that reunification was denied without prejudice. As already noted, former husband could have appealed the July 20, 2016 order denying reunification if he had done so timely; but the trial court's repeating the same ruling in the later order denying the motion to vacate cannot revive an appeal period. *Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008).

The former husband relies on Rule 1.540(b)(4) as creating jurisdiction over the recusal-related issues, asserting that his motion to vacate was a "timely and authorized motion for relief from judgment" under Florida Rule of Appellate Procedure 9.130(a)(5). Perhaps it was timely, since Rule 1.540(b)(4) is not subject to a specific time limit; but it was not authorized.

Rule 1.540(b)(4) applies only to *final* judgments, decrees, and orders. Fla. R. Civ. P. 1.540, comment ("Moreover, as in the Federal Rule [60], Rule 1.540(b) does not extend to interlocutory judgments."); *Bennett's Leasing, Inc. v. First St. Mortg. Corp.*, 870 So.2d 93, 98 (Fla. 1st DCA 2003) ("An order entered on a motion to vacate a non-final order, even where the motion mislabels the non-final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5)."); *see Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363, 372 (Fla. 2013) (construing companion rule 1.530 as authorizing rehearings of "orders and judgments which are

5

final in nature"); *Laytner v. Humble Oil & Ref. Co.*, 262 So. 2d 675, 677 (Fla. 1972) (construing rule 1.530 as applying to final judgments and orders "directed to an otherwise appealable final judgment"); *De La Osa v. Wells Fargo Bank, N.A.*, 208 So. 3d 259, 262-64 (Fla. 3d DCA 2016) (On Rehearing En Banc) (construing Rule 1.540(b)(4) as applying only to final judgments, decrees, and orders); *see also* Fla. R. Jud. Admin. 2.430(2) (equating "judgment" with "final order, final judgment, final docket entry, final dismissal, or nolle prosequi [that] has been entered as to all parties") (quoted in *De La Osa*, 208 So. 3d at 262).

The predecessor judge's 2015 orders and the successor judge's 2016 orders were non-final orders. They differ materially from final judgments within the scope of Rule 1.540(b)(4), under which relief "is only available in extraordinary circumstances." *Pollock v. T & M Invs., Inc.*, 420 So. 2d 99, 103 (Fla. 3d DCA 1982). In contrast to final judgments, interlocutory orders are subject to judges' reconsideration sua sponte, even to the point of withdrawing them completely or reversing the initial ruling. *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 (Fla. 1998) (recognizing inherent authority of trial judges to reconsider interlocutory orders); *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 560 (Fla. 2d DCA 2014) (quoting *Oliver v. Stone*, 940 So. 2d 526, 529 (Fla. 2d DCA 2006) ("It is well established that a trial court may reconsider and modify interlocutory orders at any time until final judgment is entered.")). After a case is assigned to a different judge,

a successor judge has the inherent authority to reconsider prior interlocutory orders; and a party can invoke this inherent authority by motion, as the former husband did here. *See LoBello*, 152 So. 3d at 600 (quoting *Oliver*, 940 So. 2d at 529). In the context of disqualification or recusal of a predecessor judge, the same inherent reconsideration authority is recognized by rule. *See* Fla. R. Jud. Admin. 2.330(h) (allowing successor judge to reconsider and vacate or amend prior factual or legal rulings by a disqualified judge on motion for reconsideration filed within twenty days after the order of disqualification (or later upon good cause shown)). In addition, the former husband could have taken an interlocutory appeal from the orders denying him resumed parenting, but he did not. *See* Fla. R. App. P. 9.130(a)(3)(C)(iii)b.

All of these authorized methods of addressing interlocutory orders further demonstrate why such orders are not reviewable under Rule 1.540(b)(4). Because the orders challenged in the former husband's motion under Rule 1.540(b)(4) were not final, the former husband's motion was not "authorized" within the meaning of Rule 9.130(a)(5). We do not have jurisdiction, and dismiss the appeal. We note that, as provided in the trial court's orders denying the former husband timesharing, this ruling is without prejudice to the former husband's seeking timesharing before the trial court upon proper pleading and sufficient evidence. § 61.13(3), Fla. Stat. (2016) (requiring "a showing of a substantial, material, and unanticipated change in

7

circumstances and a determination that the modification is in the best interests of the child").

## Voiding "Proceedings"

Finally, even assuming we had jurisdiction over the merits, we would be required to reject as meritless the former husband's argument that all papers, procedural orders, transcripts, and other record contents must be stricken and rendered nullities after a previously recused judge enters an order. The only legal authority offered for this proposition is a sentence in the Florida Jurisprudence section on "Judgments and Decrees." 19 Fla. Jur., *Judgments & Decrees* § 254. This makes the point that if a *final* judgment, decree, or order is void, then all proceedings based on that void order are themselves void and nullities. That principle is true, but the former husband misapplies it. Correctly applied, the principle means that *judicial action* by a recused judge is void, with the exception of the judge's memorializing in writing a ruling already rendered orally. *Fischer v. Knuck*, 497 So. 2d 240, 243 (Fla. 1986) ("When a [recused] judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing."). The "proceedings" subject to being voided are limited to judicial acts. *See Overcash v. Overcash*, 135 So. 3d 575, 576 (Fla. 5th DCA 2014) (mem.) (reversing order of contempt based on a void order); *Fisher v. State*, 840 So. 2d 325, 330-31 (Fla. 5th DCA 2003) (invalidating as void an order

8

entered after proceeding for which no notice was given); *Wells v. State*, 495 So. 2d 1221, 1222 (Fla. 1st DCA 1986) (determining order of violation of probation was void where underlying probation order was void). The principle of voiding "proceedings" based on earlier void judgments or orders does not mean what the former husband says it means.

DISMISSED.

WINOKUR, J., CONCURS; WINSOR, J., CONCURS IN SUBSTANTIAL PART WITH OPINION.

9

WINSOR, J., concurring in substantial part.

I concur in all but the last section. Because we lack jurisdiction to consider this appeal, I would not address the merits of appellant's claims.