# Third District Court of Appeal

## State of Florida

Opinion filed March 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2153
Lower Tribunal No. 08-37960
_____

**Odalys Cordero,**
Appellant,

vs.

**Washington Mutual Bank,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Alfonso Oviedo-Reyes, for appellant.

Law Offices of Damian G. Waldman, P.A., and Damian G. Waldman (Largo), for appellee.

Before SUAREZ, SALTER and EMAS, JJ.

PER CURIAM.

Odalys Cordero appeals from 1) the trial court's order directing issuance of a writ of possession; 2) the actual writ issued by the clerk; and 3) a subsequent order denying the motion to stay execution of the writ. We dismiss in part, and affirm in part.

Washington Mutual Bank filed a mortgage foreclosure action against Cordero in 2008. Final judgment of foreclosure was entered in 2013, and a subsequent sale of the foreclosed property took place in 2016. The certificate of title was issued in July 2017.

On August 2, 2017, Washington Mutual filed a verified motion for issuance of a writ of possession. On August 21, Cordero filed an eighteen-page response in opposition to the requested writ of possession.

The court granted the motion for a writ of possession and, on August 23, 2017, rendered an order directing the clerk to issue a writ of possession, executable on or after September 8, 2017.

On August 25, 2017, the clerk of the circuit court issued the writ, which provided that it was to be executed on or after September 8, 2017.

On August 31, 2017, Cordero filed a motion to stay execution of the writ of possession. That motion attacked the underlying final judgment of foreclosure rendered in 2013. On September 6, 2017, the trial court denied Cordero's motion to stay execution of the writ of possession.

2

On September 29, 2017, Cordero filed her notice of appeal, asserting she was appealing the August 23rd order, the August 25th writ, and the September 6th order denying stay of the writ.

As to the August 25th writ of possession, this writ is issued by the clerk of the courts and is not an appealable order.  See Lezdey v. HSBC Bank USA, N.A., 71 So. 3d 124 (Fla. 2d DCA 2011).

As to the August 23rd order granting the writ of possession, Cordero's notice of appeal (filed September 29) is untimely.  Appellant was required to file her notice within thirty days of rendition.  Fla. R. App. P. 9.110(b) (providing that jurisdiction of this court shall be invoked by filing a notice within thirty days of rendition of the order to be reviewed); Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927 (Fla. 3d DCA 2016) (holding appellate court lacked jurisdiction to review order granting issuance of writ of possession where notice of appeal was filed more than thirty days after rendition of order).

The appeal from the September 6th order, while timely on its face, is nevertheless without merit.  Instead of filing a timely notice of appeal from the order directing issuance of the writ, Cordero chose instead to file a motion to stay execution of the writ.  Notwithstanding its title, the motion was in substance nothing more than a reconstituted attack on the underlying final judgment.  Cordero's motion was, in effect, a successive motion[1] seeking reconsideration and

vacatur of the trial court's 2013 final judgment, which was no longer appealable.[2] An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of that most recent order. Campos v. Campos, 230 So. 3d 553 (Fla. 1st DCA 2017); Small v. Devon Condo. B Ass'n, Inc., 141 So. 3d 574 (Fla. 4th DCA 2014); Caldwell v. Wal-Mart Stores, Inc., 980 So. 2d 1226 (Fla. 1st DCA 2008). Even if Cordero could validly appeal the order denying her motion to stay execution of the writ, it is of no moment. Given Cordero's failure to timely appeal the final judgment and the order directing issuance of the writ of possession, combined with her failure to advance any argument upon which the court could find an abuse of discretion, we affirm the trial court's order denying her motion to stay execution of the writ.

The appeal from the August 23, 2017 order and the August 25, 2017 writ are dismissed. The order of September 6, 2017, denying motion to stay execution of the writ of possession, is affirmed.

---

[1] Cordero filed at least three motions to vacate the final judgment, the last of which was filed in April 2017. The trial court denied that motion in June 2017 and Cordero did not appeal that order.

[2] This is reconfirmed by Cordero's initial brief, which requests that this court, inter alia, vacate the 2013 final judgment of foreclosure and the July 2017 certificate of title.