# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-401

_____

JENNIFER D. DEMMING,

    Appellant, Cross-Appellee,

    v.

FREDERICK D. DEMMING,

    Appellee, Cross-Appellant.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

July 9, 2018

KELSEY, J.

We have a jurisdictional conundrum in this dissolution of marriage case, because the trial court entered two orders, five months apart, both of which may have resolved all dissolution issues between the parties. After rendition of the earlier order, the former wife timely moved for rehearing, which was denied. Neither party appealed.

A couple of months later, the former wife moved for entry of a final judgment, and the parties then engaged in informal letter-writing to the trial judge about making various changes to the earlier order, including addressing the issues the former wife had raised in her motion for rehearing directed to the earlier order. Ultimately the trial court entered the later order, different in some respects from the earlier order. From the later order, the former wife appealed and the former husband cross-appealed.

Because the earlier order appeared to be a final, appealable order, we directed the parties to show cause why the appeal and cross-appeal from the later order should not be dismissed as untimely. The former wife asserts two reasons why she believes the earlier order was not final, while the former husband acknowledges that the appeal and cross-appeal may be untimely. Upon consideration of the former wife's arguments and our own analysis of the earlier order, we dismiss this appeal and cross-appeal as untimely.

## Jurisdictional Principles.

We are required to dismiss an untimely appellate proceeding. *See Miami-Dade County v. Peart*, 843 So. 2d 363 (Fla. 3d DCA 2003). The parties cannot confer jurisdiction where none exists, and we are not limited to the parties' arguments in determining the existence of jurisdiction. Rather, "[w]e have an independent obligation to assess our jurisdiction in every case . . . ." *Shannon v. Cheney Bros. Inc.*, 157 So. 3d 397, 399 (Fla. 1st DCA 2015). Having considered the parties' responses to our show-cause order and the governing law, we dismiss this appeal as untimely.

## The Earlier Order.

In the earlier order, the trial court approved and adopted as an order of the court the amended report and recommendations of a general magistrate. We have examined two grounds the former wife raises as demonstrating that the earlier order was not appealable, and one other potential issue that we identified. We address each potential issue from the earlier order in full below, and then address the effect of the later order.

The issues arising from the earlier order are as follows (the first two being raised by the former wife). (1) The trial court's order did not expressly state on its face that the marriage was dissolved, but rather adopted the general magistrate's recommendation of dissolution, requiring review of both documents to discern that the marriage was dissolved. (2) The order rejected a valuation of the former husband's personal property without placing a new value on the property and without adjusting equitable distribution to reflect the rejection of the personal property valuation. (3) The trial court adopted the magistrate's recommended formula for

2

determining the former wife's share of the former husband's military retirement, but because the former husband had not retired, "reserved jurisdiction" to calculate the amount due upon the former husband's future retirement.

**(1) No Dissolution on Face of Order.** We reject the former wife's argument that the absence of an express statement of dissolution on the face of the trial court's order kept that order from being final and appealable. The magistrate's report recommended that the trial court order that "[t]he marriage is irretrievably broken and should be dissolved." The trial court's order "ratified, approved, and incorporated" the magistrate's report, and went on to "adopt[] each and every recommendation contained therein as this Court's Order." By approving and adopting the recommendation of dissolution among other aspects of the report and recommendation, the trial court's order was legally sufficient to dissolve the marriage. *Norris v. Norris*, 28 So. 3d 953, 955 (Fla. 2d DCA 2010) (finding a trial court order approving magistrate's recommendation that the marriage be dissolved was final and appealable where it confirmed, ratified, and adopted the magistrate's report as an order of the court). We recognize that, as the former wife has experienced, it may be difficult to help third parties understand they must read the trial court's order in conjunction with the magistrate's recommendation in order to divine that the marriage was dissolved. This logistical problem does not, however, render the earlier order non-final.

**(2) Rejection of Personal Property Value.** The trial court's earlier order rejected the magistrate's $12,000 valuation of the former husband's personal property, as not supported by competent substantial evidence. The trial court did not, however, take evidence to establish an appropriate valuation or adjust the overall equitable distribution. While this may well have been an issue for appeal, it does not on its face render the earlier order non-final.

**(3) Reservation of Jurisdiction to Calculate Former Wife's Share of Former Husband's Military Retirement.** The former husband is active-duty military and is not expected to retire for many years. The magistrate's report recommended that the former wife's share of the former husband's military retirement be

calculated using a typical formula: "one half (1/2) of the fraction created by dividing the number of months the parties were married by the total number of months of military service." The magistrate's report "reserved jurisdiction to determine the amount, if necessary." The magistrate expressly considered and rejected the former wife's request that this share of retirement be calculated and reduced to present value based on date of dissolution as the beginning point and a 20-year projected date of retirement as the ending point. The magistrate discussed *Diffenderfer v. Diffenderfer*, 491 So. 2d 265 (Fla. 1986), in which the supreme court held, "While reduction to present value might best place the benefits in proper perspective for such purposes, we decline to impose any rigid rules [about whether or not to reduce future retirement to present value] and leave the doing of equity to the trial court." 491 So. 2d at 270.

The trial court's earlier order rejected the date of dissolution as the beginning point for calculating the former wife's share of the former husband's retirement benefits, instead adopting date of filing of the petition for dissolution. The trial court also declined to calculate a present value, instead stating, as had the magistrate, that it "reserves jurisdiction to determine the amount to be divided." While the phrase "reserves jurisdiction" on its face naturally causes the reader to wonder if an order is yet final, reading the phrase in its larger context reveals that both the magistrate's report and the trial court's earlier order were merely recognizing that the military retirement calculation would occur at a later date. The right, and the formula by which it would be calculated, were finally resolved. This is a fairly typical approach to the issue as allowed by *Diffenderfer*. *See Johnson v. Johnson*, 162 So. 3d 137, 138 (Fla. 1st DCA 2014) (reflecting same formula used in a consent final judgment, leaving for the later retirement date the exercise of completing the fraction with amount of military service and performing the math).

The former husband's counsel explained to the magistrate that it would be highly speculative to reduce retirement to present value because the former husband had not yet retired, would not retire before the end of his current enlistment, and might receive disability in lieu of retirement due to injuries and medical conditions already suffered during military service—and the

4

former wife would not be entitled to a share of disability payments. To leave the final calculation for a future date when the variables are established does not prevent orders utilizing this approach from becoming final and appealable. *See generally Work v. Provine*, 632 So. 2d 1119 (Fla. 1st DCA 1994) (noting courts retain jurisdiction to enforce their orders).

## The Later Order.

The later order is not a classic "republished" order, because it is different from the earlier order. *See Churchville v. Ocean Grove R.V. Sales, Inc.*, 876 So. 2d 649, 651 (Fla. 1st DCA 2004) (holding republication of an earlier order does not open a new window for appeal); *see also Hollifield v. Renew & Go, Inc.*, 18 So. 3d 616 (Fla. 1st DCA 2009) (holding trial court lacks authority under Fla. R. Civ. P. 1.540(b) to republish an order so a party that negligently missed the appeal deadline can take a timely appeal).

The later order differed from the earlier order because it expressly dissolved the parties' marriage on the face of the order, and adopted an equitable distribution plan that was adjusted to reflect the removal of the earlier valuation of former husband's personal property. It also set forth on its face several rulings recommended by the magistrate, although all of those rulings had been adopted as an order of the trial court in the earlier order. The later order also corrected technical errors in the former wife's address and the mathematically correct amount of the former husband's child support obligation.

We do not conclude, however, that entry of a *modified* second order, long after expiration of the deadline to appeal an earlier order addressing the same issues, created a new right to appeal. The parties failed to appeal the earlier order, despite thinking it erred in several respects. The question is whether the earlier order was final and appealable, and it was. The failure to have appealed it bound the parties to it, absent a showing of a material change in circumstances.

As noted earlier, the former wife timely moved for rehearing of the earlier order, arguing that "there are numerous reversible errors [she raised ten] in the magistrate's report and the court's order." Her motion for rehearing expressly represented that it had

5

to be filed within 15 days after rendition of the court's order, to preserve her right to appeal that order. While the former wife's understanding of the finality of the earlier order is not controlling, it was correct as explained above. Yet after her motion for rehearing was denied, she failed to appeal. Rather, she immediately moved to disqualify both the magistrate and the trial judge for not accepting her rehearing arguments. The motion to disqualify was denied a month later.

Three more weeks passed before the former wife filed a "motion for final judgment," arguing only that she needed a single judgment stating on its face that the marriage was dissolved. Apparently she also filed with that motion a new proposed final judgment that addressed every issue as to which she disagreed with the earlier order, although her proposed judgment is not in our record. This filing set off a detailed objection from the former husband through his counsel, and a back-and-forth series of e-mails between the parties and letters to the trial court, ultimately culminating in entry of the later order, apparently without a hearing and without addressing the propriety of the procedure.

The earlier order was final and appealable for the reasons set forth above. Once the former wife's timely motion for rehearing was denied, the time to appeal began to run, and expired without an appeal's having been filed. At that point, the earlier order was final and binding on the parties and had res judicata effect. *See Donaldson Engineering, Inc. v. City of Plantation*, 326 So. 2d 209, 210 (Fla. 4th DCA 1976). By failing to appeal, the parties were bound by the earlier order. Their subsequent arguments arose out of purported errors in the order, not out of changed circumstances, and thus after rehearing was denied, their remedy was an appeal. *See id.* ("If the City had felt that such factual finding was erroneous, it should have sought a rehearing or sought a reversal upon appeal.").

Modification under Florida Rule of Civil Procedure 1.540 would not apply to a judicial error. *Donaldson Engineering,* 326 So. 2d at 210. The only other avenue to modify a final order in a family law case is by showing changed circumstances. *See, e.g.,* §§ 61.13, 61.14, Fla. Stat. (2017) (authorizing changes in child issues and alimony, respectively, upon a showing of changed circumstances).

6

Not even that avenue of modification is available for property-rights issues, however. The lower tribunal had no statutory authority to enter post-judgment orders on the parties' property rights. *See Mason v. Mason*, 371 So. 2d 226, 227 (Fla. 2d DCA 1979); *Pruitt v. Pruitt*, 370 So. 2d 813 814 (Fla. 3d DCA 1979) *Sistrunk v. Sistrunk*, 235 So. 2d 53, 55 (Fla. 4th DCA 1970); *see also Bragdon v. Bragdon*, 393 So. 2d 73, 74 (Fla. 5th DCA 1981) (rejecting parties' attempt to revisit dissolution judgment absent changed circumstances, because "Trial courts cannot act as their own appellate courts and review their decisions months after they are made.").

After denying the timely motion for rehearing addressed to the earlier order, and absent any showing of changed circumstances, the trial court was without jurisdiction to modify the earlier order in the ways that it did. The later order was a nullity. Accordingly, we dismiss this appeal and cross-appeal.

DISMISSED.

WINOKUR, J., concurs; WINSOR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WINSOR, J., dissenting.

The trial court's original order was not final because it left judicial work remaining. *M.M. v. Fla. Dept. of Children & Families*, 189 So. 3d 134, 137 (Fla. 2016) ("An appeal from a final order is appropriate when judicial labor has ended."). Although the order provided a formula for distributing the former husband's retirement, it explicitly reserved jurisdiction "to determine the amount to be divided" pursuant to that formula. "The retention of jurisdiction over a matter, notwithstanding the issuance of an order, suggests judicial labor is not over." *Id*. at 140; *accord Pool v. Bunger*, 43 So. 3d 837, 838 (Fla. 1st DCA 2010) ("The order is not a final order because the trial court's judicial labor is not complete,

7

as reflected by the express reservation of jurisdiction to determine the amount of Appellant's child support arrearages."); *Demont v. Demont*, 24 So. 3d 699 (Fla. 1st DCA 2009) (holding that orders reserving jurisdiction on matters that require further judicial labor are not final); *see also Fischer v. Fischer*, 224 So. 3d 919, 919-20 (Fla. 1st DCA 2017) (collecting cases).

It is no answer to say a court always retains jurisdiction to enforce its orders. If the husband refused to pay what an order specifically required, the court could step in to *enforce* its earlier order. But if the husband cannot know how much to pay because the court has yet "to determine to amount to be divided," the court's stepping in is something quite different. Here, the court's language shows the judicial labor is not over.

Nor is it an answer to say the trial court should not (or need not) have reserved jurisdiction to determine the retirement divisions. Perhaps a formula with specific direction would have been enough for finality, had the court stopped there. But rightly or wrongly, the court did not stop there. Instead, it reserved jurisdiction to determine future allocations, showing that judicial labor remained.

_____

Jennifer D. Demming, pro se, Appellant, Cross-Appellee.

Gordon Edward Welch, Pensacola, for Appellee, Cross-Appellant.