# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-2405
_____

FLORIDA AGRICULTURE AND
MECHANICAL UNIVERSITY,
BOARD OF TRUSTEES,

    Appellant,

    v.

UNITED FACULTY OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

October 11, 2019

ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.

United Faculty of Florida (UFF) moves to dismiss this appeal for lack of jurisdiction, arguing that it is a mere republication of a previous final judgment that Florida Agriculture and Mechanical University, Board of Trustees (FAMU) appealed and then abandoned. We agree and grant the motion.

I.

After FAMU discharged a faculty member, UFF challenged this discharge in an arbitration proceeding, and the arbitrator ruled that the discipline imposed must be modified and the

employee was entitled to certain back pay. FAMU moved for the circuit court to vacate the arbitration award, while UFF requested the award be confirmed.

The trial court entered an order denying FAMU's motion, confirming the award, ordering the payment of back pay, and concluding that "JUDGMENT is entered for [UFF]." FAMU filed a notice of appeal and we issued an order to show cause, indicating that the order did not appear to be final and citing *SSA Sec. Inc. v. Pierre*, 44 So. 3d 1272, 1273 (Fla. 1st DCA 2010), which found that an administrative order requiring the payment of back pay, but reserving jurisdiction to set the amount, was not final and thus not appealable. In response, FAMU moved for voluntary dismissal and we dismissed the appeal.[1]

The parties returned to the trial court and obtained another order, this one titled "Final Judgment." This order contained the same language regarding back pay, so we issued another order to show cause, again citing *SSA Sec. Inc.* This time, FAMU responded that the trial court did not reserve jurisdiction and there was no dispute as to the back pay ordered, thus the order was final. After considering the response, we discharged our show cause order. After briefing, UFF filed this motion to dismiss the appeal.

II.

Florida Rule of Appellate Procedure 9.110(b) requires a notice of appeal to be filed within 30 days of rendition of a final order. This deadline to appeal is jurisdictional, *see Johnston v. State*, 202 So. 3d 976 (Fla. 1st DCA 2016), and failure to comply may not be cured by obtaining a subsequent order. After rendition, an "amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought." *St. Moritz Hotel v. Daughtry*, 249 So. 2d 27, 28 (Fla. 1971); *see also Demming v. Demming*, 251 So. 3d 284 (Fla. 1st DCA 2018) (holding that an earlier dissolution order was an appealable order, so that a later dissolution order

---

[1] *See Fla. Agric. & Mech. Uni., Bd. of Trs. v. United Faculty of Fla.*, No. 1D17-1249 (Fla. 1st DCA May 10, 2017).

was untimely); *Campos v. Campos*, 230 So. 3d 553, 555 (Fla. 1st DCA 2017) ("[T]he trial court's repeating the same ruling in the later order denying the motion to vacate cannot revive an appeal period."); *Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) ("An untimely appeal cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of the more recent order."); *Gen. Motors Corp. v. Strickland*, 913 So. 2d 1227, 1228 (Fla. 1st DCA 2005) (holding that the second final judgment "was a mere republication of the earlier order and did not restart the time for filing an appeal").

FAMU's response to our second order to show cause eased any concern we had that the final judgment was not final unless a specific back pay award was determined. However, that concern, rationale, and conclusion were equally applicable to the first order that entered judgment. Thus, the first order was a final and appealable order. FAMU admits that the second order "was substantially the same" as the first. Because the second order repeated the same ruling from the first order without any material changes, it did not affect the 30-day window to appeal; FAMU's second appeal was more than 30 days after rendition of the initial order and thus untimely, and we do not have jurisdiction to review the order.

FAMU asserts jurisdiction on three grounds, none of which we find persuasive. First, it argues that *St. Moritz Hotel* and similar cases involve situations where the challenging parties did not appeal the initial order and subsequently attempted to appeal a republished second order. We reject the argument that the time limit in Rule 9.110(b) becomes inapplicable so long as a party initially timely appeals an order and then dismisses the appeal. *See Hale v. McNeil*, 988 So. 2d 1123, 1124 (Fla. 1st DCA 2008) (finding the appeal untimely under Rule 9.330 when the appellant timely appealed an order, voluntarily dismissed the appeal, and attempted to subsequently appeal the order again). Second, FAMU argues that the second order resolved a "genuine ambiguity" present in the first order.[2] Specifically, after our

---

[2] *See St. Moritz Hotel*, 249 So. 2d at 28 ("Only when the lower Court changes matters of substance, or resolves a genuine

initial order to show cause, the parties questioned whether the first order contained sufficient indicia of finality and whether a separate order titled "Final Judgment" was required, and the second order titled "Final Judgment" resolved this question. However, we saw no ambiguity over whether the order— including the language "JUDGMENT is entered for [UFF]"— contained sufficient language of finality,[3] but only questioned whether a specific amount of back pay needed to be determined. Third, FAMU asserts that dismissal would be inequitable because UFF acted disingenuously and with unclean hands by conferring with FAMU and suggesting that a second order could resolve the issue, a suggestion FAMU agreed with before moving to dismiss its appeal. However, "parties cannot confer jurisdiction where none exists," *Demming*, 251 So. 3d at 286, and there is no indication in the correspondence FAMU submitted with its response that UFF acted with malicious intent; the fact that UFF's motion to dismiss was not filed until after this case could have been decided on the merits weighs against this accusation.

## III.

FAMU appealed an order that it correctly believed to be final. When we issued an order to show cause regarding whether back pay must be determined, FAMU opted to voluntarily dismiss its appeal, waiting until we issued the same order to show cause following the second appeal to explain that the order was final without a specific determination as to back pay. However, the second order was a republication of the first and FAMU's appeal of it did not begin a new window to file an appeal. Therefore, we do not have jurisdiction to consider the appeal.

---

ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew." (quoting *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952))).

[3] *See Holland v. Holland*, 140 So. 3d 1155, 1156 (Fla. 1st DCA 2014) ("While an order must contain 'unequivocal language of finality,' an order or judgment of a court does not need to contain any particular or 'magic' words to make it final.").

DISMISSED.

LEWIS, B.L. THOMAS, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Robert E. Larkin, III and Matthew D. Stefany of Allen, Norton & Blue, P.A., Tallahassee, for Appellant.

Thomas W. Brooks and Patricia A. Draper of Meyer, Brooks, Demma & Blohm, P.A., Tallahassee, for Appellee.

5