# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2021
Lower Tribunal No. 20-4641
_____

**Eva Maria Anderson,**
Appellant,

vs.

**In Re: Estate of Mario Quintero,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth and Eric Salvatore Giunta (Hollywood), for appellant.

Solomon Appeals, Mediation & Arbitration, and Donna Greenspan Solomon (Ft. Lauderdale), for appellee.

Before SCALES, LINDSEY and LOBREE, JJ.

SCALES, J.

Appellant Eva Maria Anderson, the decedent's step-granddaughter, appeals two orders of the probate court: (i) a September 8, 2021 order determining the homestead status of the residence of decedent Mario Quintero ("September 8 order"); and (ii) a January 11, 2022 order that denied both Anderson's Florida Rule of Civil Procedure 1.540(b) motion to vacate the September 8 order and Anderson's motion to strike the personal representative's statement regarding creditors ("January 11 order"). Because Anderson challenges only that portion of the September 8 order that merely reiterates an intestacy determination made in a prior order that was not timely appealed, we affirm the September 8 order, and dismiss, for lack of jurisdiction, Anderson's appeal of the reiterated intestacy finding. We affirm that portion of the January 11 order denying Anderson's rule 1.540(b) motion. We lack jurisdiction to adjudicate, and therefore, also dismiss that portion of Anderson's appeal of the January 11 order that denied Anderson's motion to strike the personal representative's statement regarding creditors.

## I.    Relevant Background

Mario Quintero died on October 16, 2020. On November 19, 2020, one of Quintero's daughters, Maria McGowan, filed a petition for administration of Quintero's estate, seeking appointment as the estate's personal representative. Four days later, on November 23, 2020, Anderson filed a

2

purported will, claiming it to be Quintero's will. This will is not fully dated, showing only the year 2017, and is not witnessed, although it is signed and notarized.[1] Anderson then filed her petition to establish a lost or destroyed will, alleging that the document she had earlier filed was Quintero's will, and that Quintero had signed it on October 26, 2017, before two people identified by Anderson as having witnessed Quintero's signature. McGowan filed an objection to Anderson's petition. The probate court ultimately appointed McGowan as the personal representative, the two witnesses were deposed, and, on July 16, 2021, Anderson filed an amended petition for lost or destroyed will, attaching the transcripts of the two witnesses' depositions.

On August 11, 2021, the probate court conducted an evidentiary hearing on Anderson's amended petition, and, on August 17, 2021, it rendered an order adjudicating Anderson's amended petition. ("August 17 order"). The operative portion of the August 17 order reads as follows: "1. The Amended Petition for Establishment and Probate of Lost or Destroyed Will . . . is hereby DENIED without prejudice. 2. The probate case shall

---

[1] As the probate court observed, though, the notary stamp shows an April 30, 2022 expiration. The partial 2017 execution date, therefore, is problematic because a notary commission lasts only four years. See § 117.01(1), Fla. Stat. (2017).

3

proceed intestate." Anderson did not appeal, nor did she seek rehearing of, the August 17 order.

On August 6, 2021, the personal representative filed a petition in the probate court seeking a determination that Quintero's residence was his homestead. On August 23, 2021, the personal representative filed a statement regarding creditors in which the personal representative identified no creditors of the estate. On September 15, 2021, the personal representative filed a petition for discharge to which Anderson, the next day, filed an objection.

The probate court rendered the challenged September 8 order[2] in which the probate court specifically identified the issue being adjudicated by the order as the personal representative's petition "for an order determining homestead status of real property." While this September 8 order determined only that the subject property was the decedent's homestead, the order reiterated the determination the probate court had made earlier – in its August 17 order – that the decedent died intestate. Specifically, the September 8 order provides: "1. The decedent died intestate and was domiciled in Miami-Dade County, Florida."

---

[2] Our record does not reflect a hearing date related to the September 8 order.

Anderson appealed this September 8 order on October 8, 2021, and, on October 12, 2021, Anderson also filed in the probate court a Florida Rule of Civil Procedure 1.540 motion seeking to vacate the portion of the September 8 order reciting that the decedent had died intestate. This motion also sought to strike the personal representative's statement regarding creditors ("October 12 motion"). We relinquished jurisdiction to allow the probate court to adjudicate the October 12 motion. On December 23, 2021, the probate court conducted a hearing on Anderson's October 12 motion and, subsequently, entered the unelaborated January 11 order denying this motion. Anderson then amended her appeal also to challenge the January 11 order.

## II.    Analysis

*A. The appeal of the September 8 order and that portion of the January 11 order denying Anderson's rule 1.540(b) motion.*

While Anderson's amended notice of appeal identifies the challenged order as the September 8 order that determined the decedent's property as homestead, Anderson's principal argument on appeal is that the probate court erred when, in its August 17 order, it denied Anderson's amended petition for lost or destroyed will and, concomitantly, found that the decedent died intestate.

The August 17 order, though, was an appealable final order. Fla. R. App. P. 9.170(b)(3).[3] Anderson neither sought rehearing of, nor did she appeal, the August 17 order. Because Anderson did not appeal the August 17 order, we lack appellate jurisdiction to review the probate court's intestacy determination contained in that order. Cordero v. Washington Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018).

Anderson argues that, notwithstanding rule 9.170(b)(3)'s clear and unambiguous language, the probate court's use of the term "without prejudice" in the August 17 order converted this otherwise appealable final order into a non-appealable, non-final order. Anderson suggests that due process considerations require us to review that portion of the September 8 order that merely reiterated the August 17 order's determination of Anderson's amended petition to establish a lost or destroyed will. We disagree.

This is not a situation where the trial court dismissed a complaint without prejudice, giving the plaintiff leave to file an amended complaint. In

---

[3] Rule 9.170(b)(3) reads, in pertinent part, as follows: "[A]ppeals of orders rendered in probate . . . cases shall be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obligation, include, but are not limited to, orders that . . . determine a petition for probate of a lost or destroyed will[.]"

this case, after conducting an evidentiary hearing on her amended petition, the probate court *adjudicated* Anderson's amended petition and *denied* it; no further judicial labor was required, and no leave to file a second amended petition either was requested by Anderson or granted by the probate court. The August 17 order's "without prejudice" language did not subvert the finality of the order. See Carlton v. Wal-Mart Stores, Inc., 621 So. 2d 451, 452 (Fla. 1st DCA 1993) (holding that the dismissal of an action "without prejudice" is final when "the intent of the order is to bring to an end the judicial labor in the action"); see also Franklin v. Bank of Am., N.A., 202 So. 3d 923, 926 (Fla. 1st DCA 2016) (observing that when "leave to amend" is not stated in an order, then "without prejudice" can indicate the end of judicial labor); Mekertin v. Winn Dixie Stores, Inc., 869 So. 2d 1286, 1288 (Fla. 4th DCA 2004).[4]

We similarly reject Anderson's suggestion that, by reiterating the August 17 order's intestacy finding in its September 8 order, the probate court somehow re-opened an appellate window to allow for an untimely appeal of the intestacy finding contained in the August 17 order. The issue before the probate court – resulting in the rendition of the September 8 order

---

[4] The probate court's informal remark to Anderson's counsel at the August 11th hearing that Anderson could try to "find something else" did not transform the August 17 order into a non-final order.

– was whether the decedent's real property constituted his homestead; the September 8 order did not adjudicate the intestacy issue. We have been provided no authority that suggests the mere recitation of an adjudication previously determined in an appealable final order revives the appellate review period of the previously adjudicated issue. Because the intestacy finding was determined in the August 17 order – an appealable final order that Anderson failed to appeal in a timely manner – we are without jurisdiction to review this reiterated intestacy determination.[5] See Cordero, 241 So. 3d at 968 ("The appeal from the [subsequent] order, while timely on its face, is nevertheless without merit. . . . An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of that most recent order.").

We, therefore, affirm the homestead determination of the September 8 order, and dismiss, for lack of jurisdiction, that portion of Anderson's appeal

---

[5] To be clear, the homestead determination contained in the September 8 order is appealable under rule 9.170(b)(13), which expressly provides for appellate review of orders that determine the homestead status of real property. But, as we state above, Anderson's appeal does not challenge the probate court's determination that the decedent's residence was homestead. Rather, Anderson's appeal of the September 8 order is an ineffective and untimely backdoor challenge of the August 17 order denying her amended petition to establish a lost or destroyed will.

seeking review of the September 8 order's mere recitation of the August 17 order's intestacy determination.

As for that portion of the probate court's January 11 order denying her rule 1.540(b) motion (contained in Anderson's October 12 motion), Anderson's arguments are the same as those made in her challenge to the September 8 order. Citing the due process concerns discussed above, Anderson argues that the trial court abused its discretion by not vacating that portion of the September 8 order that reiterated the August 17 order's intestacy finding. For the reasons discussed above, we conclude that the trial court did not abuse its discretion[6] by declining to vacate the portion of the September 8 order that reiterated the intestacy determination of the August 17 order.[7]

*B. The appeal of that portion of the January 11 order denying Anderson's motion to strike the personal representative's statement regarding creditors*

---

[6] "The denial of a motion for relief from final judgment under Florida Rule of Civil Procedure 1.540(b) is reviewed for an abuse of discretion." Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1115 (Fla. 3d DCA 2017).

[7] We express no opinion as to whether the probate court erred in entering the August 17 order, as the determinations made in this order are not before us.

Finally, we dismiss for lack of jurisdiction Anderson's appeal of the portion of the January 11 order that denied her motion to strike the personal representative's statement regarding creditors. The personal representative's statement regarding creditors merely advised the probate court that a notice to creditors was published and that, to date, the personal representative had not yet identified creditors who had not filed a timely claim against the estate or had their claim included in the personal representative's proof of claim. The probate court's unelaborated January 11 order simply denied Anderson's motion to strike the personal representative's statement. The order did not determine with finality, per rule 9.170(b), "a right or obligation of an interested person as defined in the Florida Probate Code" and its subject matter is not included in rule 9.170(b)'s schedule of appealable probate orders. See N. Tr. Co. v. Abbott, 313 So. 3d 792, 795 (Fla. 2d DCA 2021) ("Comparing the subject order to the litany of orders in rule 9.170(b), the subject order lacks what the other orders share in common – finality.").

Affirmed in part, dismissed in part.